

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEREK A. LIEBERGEN,
MALACHI J. ROOT,
KALA KENNEDY,
SALLY A. MILLER,
PETER F. THAO,
WAYNE L. STILEN,
CHRISTOPHER S. ULLMER,
JEREMY M. LUDWIG, and
JASMINE L. GILLETTE

    Defendants.

Case No.

[21 U.S.C. §§ 841 and 846; 18 U.S.C. §§ 924(c) and 2]

**Green Bay Division**

**19-CR-176**

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. Beginning in approximately May 2019, and continuing until on or about September 12, 2019, in the State and Eastern District of Wisconsin and elsewhere,

**DEREK A. LIEBERGEN,
MALACHI J. ROOT,
KALA KENNEDY,
SALLY A. MILLER,
PETER F. THAO,
WAYNE L. STILEN,
CHRISTOPHER S. ULLMER,
JEREMY M. LUDWIG, and
JASMINE L. GILLETTE**

knowingly and intentionally conspired with each other and persons known and unknown to the

1

grand jury, to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

2. The quantity of drugs involved in the conspiracy attributable to all defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, involved 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance; a mixture and substance containing marijuana, a Schedule I controlled substance; and 100 grams or more of a mixture and substance containing heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about September 9, 2019, in the State and Eastern District of Wisconsin,

**MALACHI ROOT**

knowingly and intentionally possessed with the intent to distribute methamphetamine, a Schedule II controlled substance, and a mixture and substance containing marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about September 9, 2019, in the State and Eastern District of Wisconsin,

**MALACHI ROOT**

knowingly possessed firearms in furtherance of the drug trafficking crimes charged in Counts One and Two of this Indictment.

2. The firearms are more fully described as one Ruger LC9, 9 mm handgun, serial number 326-14795; and one SKS rifle, serial number 8162533.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about September 11, 2019, in the State and Eastern District of Wisconsin,

**DEREK A. LIEBERGEN**

knowingly and intentionally possessed with the intent to distribute more than 500 grams of a mixture and substance containing methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about September 11, 2019, in the State and Eastern District of Wisconsin,

**DEREK A. LIEBERGEN**

knowingly possessed a firearm in furtherance of the drug trafficking crimes charged in Counts One and Four of this Indictment.

2. The firearm is more fully described as one Smith and Wesson, 9 mm handgun, serial number HYC8802.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about September 12, 2019, in the State and Eastern District of Wisconsin,

**WAYNE L. STILEN**

knowingly possessed firearms in furtherance of the drug trafficking crime charged in Count One of this Indictment.

2. The firearms are more fully described as one Raven Arms MP-25 .25 caliber handgun, serial number 1065771; one Phoenix P-51 .25 caliber handgun, serial number 4782; one Ruger M77 Mark II .308 Winchester rifle, serial number 781-34728; and one Remington 141 32 gauge shotgun, serial number 17115.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## NOTICE OF FORFEITURE

1. Upon conviction of any of the controlled substance offenses, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses. The property subject to forfeiture includes but is not limited to:

   a. U.S. currency in the amount of approximately $25,728 seized from Malachi Root on September 9, 2019, in De Pere, Wisconsin; and

   b. U.S. currency in the amount of approximately $39,215 seized from Derek Liebergen on September 11, 2019, in Appleton, Wisconsin.

2. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL:

_____
FOREPERSON

Dated: October 8th, 2019

_____
MATTHEW D. KRUEGER
United States Attorney

8